IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17-CR-3116 |
| vs. | |
| AARON COLLINS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's motion to suppress evidence (filing 20), the Magistrate Judge's Findings, Recommendation, and Order (filing 38) recommending that the motion be denied, and the defendant's objection (filing 41) to the findings and recommendation. Having conducted a *de novo* review of the record pursuant to 28 U.S.C. § 636(b)(1)(C), the Court will adopt the Magistrate Judge's recommendation. Accordingly, the defendant's objection (filing 41) will be overruled, and the defendant's motion to suppress (filing 20) will be denied.

At issue in this case is the admissibility of evidence seized from the defendant during two separate encounters with the Lincoln Police Department. The most recent encounter, which is at the center of the parties' dispute, occurred on January 27, 2017. At that time, Lincoln police officer Kiefer Hyland was conducting routine traffic patrol when he saw a Ford Taurus heading northbound on 33rd Street. Filing 37 at 54. After running the vehicle's license plate, Hyland discovered that (1) the vehicle was registered to the defendant, Aaron Collins; and (2) the defendant had a suspended driver's license. Filing 37 at 54-55; filing 38 at 3. Based on that information, Hyland followed the vehicle (without activating his lights) as it

turned down an alley and parked in front of a residential apartment complex. Filing 37 at 55; *see* filing 38 at 3.

Hyland did not make contact with the defendant until after the defendant had parked his car, locked the car doors, and proceeded towards the apartment building. Filing 37 at 55; *see* filing 35 at 1. At that time, Hyland exited his squad car and, after catching up to the defendant, asked him about the suspended license. Filing 37 at 56. After a short back-and-forth, in which the defendant appeared "extremely nervous," Hyland escorted the defendant back to his police cruiser to issue a citation. Filing 37 at 57. As they walked, Hyland "repeatedly . . . warned [the defendant] to keep his hands visible and out of his pockets," noticing what appeared to be an object in the defendant's sweatshirt. Filing 37 at 58; filing 38 at 3-4. Once in front of the cruiser, Hyland conducted a pat-down search of the defendant, finding two plastic bags containing methamphetamine, two digital scales, and a hydrocodone tablet. Filing 38 at 4; *see* filing 37 at 57-60. That evidence is not implicated here. *See* filing 20 at 3.

After securing the defendant in the back of the squad car, Hyland and two other officers searched the defendant's vehicle, finding a firearm in the front passenger seat. Filing 37 at 64; filing 38 at 4. It is that search that is at issue here. Filing 20 at 3. Specifically, the defendant argues that because he was secured in the back of Hyland's squad car at the time of the search, and because there was no evidence of the crime of arrest (driving with a suspended license) inside of the car, the officers were required to obtain a warrant before entering the vehicle. *See* filing 21 at 5. The government, on the other hand, argues that the search was permissible under the automobile exception to the warrant requirement. Filing 22 at 10-11. Under that exception, "police officers may conduct a warrantless search of a vehicle . . .

whenever probable cause exists." *United States v. Brooks*, 715 F.3d 1069, 1075 (8th Cir. 2013).

The Magistrate Judge agreed with the government, finding the search permissible under the automobile exception. "After discovery of the contraband on Defendant's person," the Magistrate wrote, "Officer Hyland . . . [had] probable cause to extend the search to the suspect's vehicle." Filing 38 at 9. The defendant now objects to that finding, arguing that the automobile exception does not apply to the facts of this case. Filing 42 at 3.

The defendant's primary argument concerns the location of his vehicle at the time of his initial contact with Hyland. As noted above, the defendant had already exited the car, locked the car doors, and headed towards the apartment complex at the time Hyland stopped him for questioning. Filing 37 at 55; *see* filing 35 at 1. That is significant, the defendant argues, because he was "at least 50 feet away" from the car when the initial questioning began, and did not return to his vehicle until Hyland "lured [him] back" to that general area. Filing 42 at 3. So, he argues, because Officer Hyland "geographically manipulate[d]" his proximity to the vehicle, the automobile exception does not apply. Filing 42 at 3.

But as the government correctly points out, the defendant's proximity to his vehicle is not, at least on these facts, dispositive of the Fourth Amendment inquiry. Indeed, in considering the applicability of the automobile exception, courts focus not on the distance between the vehicle and the arrestee, but on the existence (or lack thereof) of probable cause. *See United States v. Blaylock*, 535 F.3d 922, 926-27 (8th Cir. 2008) (applying automobile exception to an unoccupied vehicle in a residential driveway); *see also United States v. Fladten*, 230 F. 3d 1083, 1086 n.4 (8th Cir. 2000). And here, the Magistrate Judge has already determined—and this Court agrees—

that the search was supported by probable cause. *See* filing 38 at 8-10. Accordingly, the Court will adopt the Magistrate Judge's findings and recommendation on this point, and deny the defendant's motion to suppress.

As a final matter, the Court has carefully reviewed the Magistrate Judge's findings with respect to the November 2016 traffic stop, and alleged *Miranda* violations resulting therefrom. *See* filing 38 at 4-8. The Court agrees with the Magistrate Judge that suppression is not warranted under those circumstances, and will thus adopt her recommendation to deny the defendant's motion on those grounds. Accordingly,

IT IS ORDERED:

1. The defendant's objection (filing 41) to the Magistrate Judge's Findings, Recommendation, and Order is overruled.

2. The Magistrate Judge's recommendation (filing 38) is adopted.

3. The defendant's motion to suppress (filing 20) is denied.

Dated this 23rd day of April, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge